-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT MURRAY,

        Plaintiff,

  -v-

ROBERT KIRKPATRIC, Supt.,
KEN KIELISZEK, I.G.P. Supervisor, K. PAWLOWKSI,
THOMAS G. EAGEN, E. MENDEZ, L. POOLE, S. JENKS,
DR. LEVITT, RN PINELLI, SGT. ZYDEL, D. PAWLOWSKI,
SGT. GARLIARDI, Corr. Counselor MR. DIETSCH,
R. BARKLY, D. GARLEN, GLENN S. GOORD,
Commissioner, N.Y.S. DOC,

        Defendants.

**DECISION and ORDER**
06-CV-598Sr

---

## INTRODUCTION

Plaintiff, Robert Murray, an inmate of the Wende Correctional Facility, Special Needs Unit, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket Nos. 1 and 3),[1] and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff alleges that defendants K. Pawlowski, Poole, and Zydel created a physically threatening and intimidating atmosphere in F-Block, the Special Needs Unit, that Sgt. Zydel threatened him when he was transferred to Wende, because he was incarcerated for assaulting an correctional officer, and that Pawlowski immediately thereafter assaulted him in the presence of Poole. (Amended Complaint, First Claim). Plaintiff also claims that after he complained to Superintendent Kirkpatrick and

---

[1] Shortly after filing the complaint in this matter, plaintiff filed an amended complaint and, therefore, the court will screen the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

filed grievances regarding K. Pawlowski, Poole, and Zydel's assault on him and similar assaults and threats on inmates on F-Block, the following events occurred: (1) defendants D. Pawlowski and Barkly retaliated against him by falsely writing him up; (2) K. Pawlowski assaulted him again; (3) defendant Garliardi ran his head through a window and hit him in the mouth; and (4) defendant Dietsch, a Correctional Counselor, told him that he should not be in the Special Needs Unit because he complained and worried about other inmates. (Amended Complaint, Second Claim).

Plaintiff further alleges that he repeatedly wrote to defendant Eagen, the Director of New York State Department of Correctional Services' ("DOCS") Inmate Grievance Program ("I.G.P."), who advised him that he first had to internally grieve his complaints before writing to the Central Office (Letters Attached to Amended Complaint); defendant Kieliszek, Gowanda's I.G.P. Supervisor, failed to process some of his grievances; and after Garliardi ran his head through a window, defendant Dr. Levitt gave him aspirin but otherwise refused to treat him. Plaintiff also contends that Gowanda has a policy of not allowing Mental Health Unit inmates to visit the law library but rather only allows legal assistants to do so on the inmate's behalf. As a result, a case plaintiff had pending in the Southern District of New York was almost dismissed because he could not prepare a timely opposition to defendant's motion to dismiss. The amended complaint, as reviewed by the Court, does not appear to set forth specific allegations against defendants Correctional Officers Mendez and Garlen, and only alleges that he wrote to defendant DOCS Commissioner Goord, but received no response from him.

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.[2]

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *see also Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court

---

[2]The claims that will be allowed to proceed at this time are as follows: (1) the claim that K. Pawlowski, L. Poole and Sgt. Zybel harassed, threatened and assaulted Plaintiff when he was transferred to Wende; (2) the claim that D. Pawlowski and Barkly retaliated against him by filing a false misbehavior report; (3) the claim that Garliardi used excessive force against him; and (4) the claim that Superintendent Kirkpatrick maintained a policy at Gowanda that Mental Health Unit inmates cannot visit the law library and must rely on visits by law library inmate assistants to obtain legal information.

3

finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because they fail to state a claim upon which relief may be granted.

### A. Claims to be Dismissed

#### 1. Mendez, Garlen, and Pinelli

A review of the complaint shows that there are no specific factual allegations against defendants Mendez and Garlen, correctional officers at Gowanda, and Pinelli, an RN-Teacher. Plaintiff makes a number of generic references to "officers," but when an officer is alleged to have done something to him, he names them specifically, as he did with D. Pawlowski, Zyder, Garliardi, for example. As to Pinelli, he alleges that he went to the Special Housing Unit after Garliardi assaulted him and was seen there by a woman, identified as Dr. Levitt, whom he alleges gave him aspirin for his headache but otherwise refused to treat his injuries. (Amended Complaint, Second Claim). The Court could not locate any allegations against Pinelli, who is identified as an RN-Teacher (Amended Complaint, ¶ 3, "Defendant's Information"). Therefore, the claims against Mendez, Garlen, and Pinelli must be dismissed.

#### 2. Kieliszek, I.G.P. Supervisor, and Eagen, I.G.P. Director

As to defendants Kieliszek, Gowanda's I.G.P. Supervisor, and Eagen, DOCS's I.G.P. Director, plaintiff alleges that Kieliszek did not process his grievance against defendant Dietsch, and that when he complained directly to Eagen, he advised him that he had to follow the internal grievance procedures and could not file grievances directly with the Central Office. (Letters Attached to Complaint, First Claim). These claims must be dismissed because plaintiff does not have a constitutional right to have his grievances

4

processed or to ensure that grievances are processed properly. *See, e.g., Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment.") (citations omitted); *Cancel v. Goord*, No. 00 Civ. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2002) ("While there is a First Amendment right of meaningful access to the courts and a right to petition the government for redress, inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983.") (citation omitted); *Muhammad v. McMickens*, No. 86 Civ. 7376 (SWK), 1988 WL 7789, at * 3 (S.D.N.Y. Jan. 25, 1988) ("Violations of inmate grievance procedures, which are themselves not constitutionally required, do not give rise to a § 1983 claim.") (citations omitted). Accordingly, plaintiff's claims against Kieliszek and Eagen regarding his grievances must be dismissed.

### 3. Jenks, M.H.U., and Dr. Levitt

The plaintiff's Second Claim alleges, *inter alia*, that on July 9, 2006, someone took from his cell noted that he was using to file complaints regarding how he was threatened and assaulted immediately following his transfer to Wende. In the two months following, several events occurred. For example, Garliardi ran his head "through a window." Thereafter, Plaintiff alleges that he was taken to the Special Housing Unit, where he told defendant Jenks, presumably a mental health counselor, what occurred. Plaintiff alleges that Dr. Levitt later came to his cell and gave him aspirin but otherwise refused to give him anything for his head and lip injuries. (Amended Complaint, Second Claim). These

allegations do not state a claim for relief against either Jenks or Levitt, and the claims against these two defendants will be dismissed.

Simply stated, the allegations against Jenks do not state an actionable claim of a constitutional violation. Even if the Court was to liberally construe these allegations as an Eighth Amendment claim for denial of medical care, Plaintiff's claim against this defendant would still fail. The complaint alleges that after Jenks stopped by to see plaintiff, someone, presumably Dr. Levitt, made a medical call to his cell that same night. There is no claim that Jenks was deliberately indifferent to a serious medical need, that plaintiff required immediate medical attention, or that Jenks deliberately ignored it. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). In *Estelle v. Gamble*, the Supreme Court explained that the constitutional prohibition on cruel and unusual punishment encompasses only the deliberate failure to treat "a prisoner's serious illness or injury" resulting in the infliction of unnecessary pain and suffering. *Estelle*, 429 U.S. at 105, 97 S. Ct. 285 (emphasis added). Here, plaintiff does not allege facts which would support a claim that Jenks deliberately ignored a serious injury, even if he was in a position to treat it. Again, to the extent plaintiff is alleging an Eighth Amendment cruel and unusual punishment claim against Jenks, it must be dismissed for failure to state a claim.

Similarly, the allegations against Dr. Levitt must be dismissed because of they fail to state an actionable claim. In effect, all that plaintiff has alleged against Dr. Levitt is that he should have received more than just an aspirin for the pain in his head. Plaintiff does not allege that he had a serious injury or that Dr. Levitt was deliberately indifferent to such an injury. Therefore, Plaintiff does not state a Eighth Amendment constitutional claim

against her. "Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle, 429 U.S. at 105-06, 97 S. Ct. 285); see also Snipes v. DeTella, 95 F.3d 586, 590-91 (7th Cir. 1996), cert. denied, 519 U.S. 1126, 117 S. Ct. 980, 136 L. Ed. 2d 863 (1997).

Moreover, the Court notes that "'[t]he prisoner's right is to medical care – not the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.'" Hyde v. McGinnis, 429 F.2d 864, 867 (2d Cir. 1970) (quoting Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968)); accord Ross v. Kelly, 784 F. Supp. 35, 43-44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir. 1992). Plaintiff's claims, which at most allege a disagreement with how Dr. Levitt should have treated him, simply do not rise to a constitutional level and thus, are hereby dismissed.

### 4. Corrections Counselor Dietsch

As noted above, plaintiff alleges that when he spoke to defendant Dietsch on or about August 9, 2006, about what he and other inmates assigned to F-Block had experienced at the hands of certain correctional officers, Dietsch commented that since plaintiff "like[d]" to worry about other inmates and to "write up stuff," he and others thought plaintiff should not be in the Special Needs Unit. Plaintiff claims he told Dietsch that he needed to be in the Special Needs Unit because "of his case." Plaintiff does not allege that anything occurred following that conversation with Dietsch or that he was removed from

the Special Needs Unit and, accordingly, the claim must be dismissed for failure to state a claim.

Verbal threats and harassment alone are not actionable under Section 1983. *See Aziz Zarif Shabazz v. Picco*, 994 F. Supp. 460, 474 (S.D.N.Y.1998). Thus, if plaintiff is alleging that Dietsch threatened to remove him from the Special Needs Unit, the claims against him must be dismissed. While it may be wholly in appropriate and unprofessional to frighten an inmate in the manner alleged, it is simply not actionable conduct. Moreover, if plaintiff is alleging that Dietsch was retaliating against him for filing grievances, such an allegation is wholly insufficient to survive initial review under 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1). In order to survive a motion to dismiss a retaliation claim, the prisoner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."

Assuming plaintiff engaged in protected speech, *see Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir.1996), there is no allegation that Dietsch took any adverse action against him other than to comment that perhaps plaintiff did not belong in the Special Needs Unit. Accordingly, even if the Court liberally construed the complaint to allege a retaliation claim against Dietsch, it must be dismissed. See *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (Courts must approach retaliation claims "with skepticism and particular care," because "virtually any adverse action taken against a

prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act.")

### 5. Superintendent Glenn S. Goord

The only specific factual allegation against Glenn Goord, the former Commissioner of DOCS, is that plaintiff forwarded a letter to him but Goord did not respond to it. (Amended Complaint, First Claim). Goord cannot be liable under Section 1983 for not responding to plaintiff's letter of complaint. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." Gayle v. Lucas, 1998 WL 148416, at *4 (S.D.N.Y. 1998); cf. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (plaintiff's allegation that the superintendent of a correctional facility did not respond to his letter of his complaint did not raise a triable issue of fact where the contents of the letter were not specified); Davis v. City of New York, 2000 WL 1877045, at *9 (S.D.N.Y. 2000) (finding no personal involvement where supervisory official ignored letter of protest and had no other involvement in the alleged constitutional deprivation); Richardson v. Coughlin, 101 F. Supp. 2d 127, 132-33 (W.D.N.Y. 2000) (granting summary judgment to supervisory official on the ground that he had no personal involvement in the alleged constitutional violation where defendant merely ignored prisoner's letter of complaint); Pritchett v. Artuz, 2000 WL 4157, at *6 (S.D.N.Y. 2000) (finding no personal involvement and thus no Section 1983 liability where supervisory official ignored a prisoner's letter of complaint); Thomas v. Coombe, 1998 WL 391143, at *6 (S.D.N.Y. 1998) ("the fact that an official ignored a letter alleging unconstitutional conduct is not enough to

establish personal involvement"); *Higgins v. Artuz*, 1997 WL 466505, at *7 (S.D.N.Y. 1997) (holding the same and collecting cases). Accordingly, plaintiff's claim against Goord must be dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against Kieliszek, Eagen, Mendez, Jenks, Levitt, Pinelli, Dietsch, Garlen, and Goord are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the United States Marshal is directed to serve the summons and amended complaint on defendants Kirkpatrick, K. Pawlowski, Poole, Zydel, D. Pawlowski, Garliardi, and Barkly regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against defendants Kieliszek, Eagen, Mendez, Jenks, Levitt, Pinelli, Dietsch, Garlen, and Goord are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Kieliszek, Eagen, Mendez, Jenks, Levitt, Pinelli, Dietsch, Garlen, and Goord as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint,

and this Order upon defendants Kirkpatrick, K. Pawlowski, Poole, Zydel, D. Pawlowski, Garliardi, and Barkly without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

Dated: 02/12/07
Buffalo, New York

/s/ William M. Skretny
WILLIAM M. SKRETNY
United States District Judge